UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RAYON PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 25-3358 (RBW) |
| | ) | |
| ANA C. REYES, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The plaintiff—Rayon Payne, proceeding pro se—brings this civil action against United States District Court Judge Ana C. Reyes, Department of Justice employees Derrick A. Petit, Oluwatoyin Abejide, and Shadae Beaver, and ten unidentified John Doe defendants. See generally Complaint for Declaratory Judgment Pursuant to 42 U.S.C. § 1985(2) and 1985(3) (Conspiracy to Interfere with Civil Rights Under Color of Law) ("Compl."), ECF No. 1. The plaintiff alleges that he has been the victim of a "persistent and escalating violation of [his] constitutional rights by individuals acting under color of federal authority" and asserts claims pursuant to 42 U.S.C. §§ 1985(2) and 1985(3), 42 U.S.C. § 1983, the Equal Protection Clause of the Fourteenth Amendment, and the Due Process Clause of the Fifth Amendment. Id. ¶ 1. The plaintiff seeks declaratory judgment and various forms of equitable relief. Id. ¶¶ 103–09.

The plaintiff's allegations all appear to stem from his application for United States citizenship and subsequent petition under 8 U.S.C. § 1447(b).[1] See id. at 1–2, 8. The plaintiff is "a Black immigrant from Guyana" and a Florida resident who applied for United States citizenship "through the N-400 process." Id. ¶¶ 19, 25. "Upon receiving no final adjudication of his naturalization application, [the p]laintiff sought relief by filing for a writ of mandamus in the

---

[1] Section 1447(b) provides that in certain circumstances, a naturalization applicant "may apply in the United States district court for the district in which the applicant resides for a hearing on the matter." 18 U.S.C. § 1447(b).

Middle District of Florida, requesting the agency be compelled to issue a decision." Id. ¶ 26. According to the plaintiff, the District Court for the Middle District of Florida "failed to act meaningfully," so he "voluntarily dismissed[ed] the action and fil[ed] a timely petition under 8 U.S.C. § 1447(b) in the United States District Court for the District of Columbia." Id.

Judge Ana C. Reyes, a member of this Court, was assigned the plaintiff's Section 1447(b) petition. Compl. ¶ 27. According to the plaintiff, Judge Reyes "shielded the Department of Justice from scrutiny [and] grant[ed] [the Department of Justice] exclusive access to [the p]laintiff's immigration 'A-file' while denying [the p]laintiff access . . . through procedural mechanisms designed to evade appellate review." Id. ¶ 3. The plaintiff alleges that, in response to Judge Reyes' refusal to provide him with access to his "A-file", he "fil[ed] a Supervisory Writ to the United States Supreme Court and initiat[ed] a Freedom of Information Act (FOIA) lawsuit to access the very file withheld from him." Id. ¶ 4. The FOIA lawsuit was assigned to Judge Reyes, who "issued rulings, thereby entangling herself in a case whose subject matter overlapped with the claims for which she was already under supervisory challenge." Id. ¶ 5. Ultimately, Judge Reyes transferred the plaintiff's immigration case to the Middle District of Florida, his home venue. Id. ¶ 28.

The plaintiff asserts that Defendant Petit "represented the United States Citizenship and Immigration Services (USCIS) in [the p]laintiff's immigration litigation [and] conspired to deny him access to his immigration file and materially contributed to unconstitutional procedural conduct." Id. ¶ 21. The plaintiff asserts that Defendant Abejide "was listed as a participant in the litigation related to [the p]laintiff's immigration case in the District of Columbia [and] knowingly participated in conduct under color of federal law that contributed to the deprivation of his constitutional and statutory rights." Id. ¶ 22. The plaintiff asserts that Defendant Beaver "was identified as a participant in the defense of the government in [the p]laintiff's proceedings

2

[and] played a supporting role in the discriminatory and unconstitutional actions that are the basis for this complaint." Id. ¶ 23. The plaintiff identified the ten John Doe defendants only as "individuals whose identities are currently unknown to [the p]laintiff but who are believed to have participated directly or indirectly in the acts alleged in this Complaint." Id. ¶ 24. To date, the defendants have not been served with a copy of the Complaint.[2]

## I. STANDARDS OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In making an assessment under Rule 12(b)(6), "the Court must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." Hettinga v. United States, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotation marks omitted). Although the Court must "assume [the] veracity" of any "well-pleaded factual allegations" in a complaint, conclusory allegations "are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555). Also, the Court need not accept "legal conclusions cast as factual allegations," or "inferences drawn by [the] plaintiff if those inferences are not supported by the facts set out in the complaint." Hettinga, 677 F.3d at 476.

---

[2] The same day he filed his Complaint, the defendant also filed a Motion for Protective Order and Incorporated Memorandum of Law, ECF No. 3, and a Motion for Service by U.S. Marshals, ECF No. 5.

The Court may dismiss a complaint sua sponte under Rule 12(b)(6) if "it is patently obvious" that the plaintiff cannot "prevail[ ] on the facts alleged in his complaint." Baker v. Director, U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990).  The Court appreciates that because the plaintiff is pro se, his filing with the Court must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  "Even under a liberal pro se standard, dismissal is appropriate where the plaintiff's complaint provides no factual or legal basis for the requested relief." Strunk v. Obama, 880 F. Supp. 2d 1, 3 (D.D.C. 2011).  And, a Court "shall dismiss [a] case at any time" it "determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i).  A "complaint is properly dismissed as frivolous . . . if it is clear from the face of the pleading that the named defendant is absolutely immune from suit on the claims asserted." Crisafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

## II.  ANALYSIS

The Court will first address the plaintiff's claims against Judge Reyes before addressing the plaintiff's claims against Petit, Abejide, and Beaver.[3]

**A.  The Plaintiff's Claims Against Judge Reyes**

The plaintiff's allegations against Judge Reyes are all based on decisions she rendered in her role as a United States District Court Judge.  See Compl. ¶ 20.  Accordingly, because the complaint is predicated on her decisions rendered in a case within her jurisdiction, Judge Reyes has judicial immunity.  Mirales v. Waco, 502 U.S. 9, 11-13 (1991); Sindram v. Suda, 986 F.2d

---

[3] The plaintiff named John Doe 1-10 as defendants in the case caption. Compl. at 1. However, they are not named in any of the plaintiff's six causes of action.  Moreover, the plaintiff has not provided any factual allegations relating to John Doe 1-10 and, therefore, dismissal is appropriate as to these defendants pursuant to Federal Rule of Civil Procedure 8(a).  See Nolan v. Shulman, Rogers, Gandal, Pordy & Ecker, P.A., 270 F. Supp 3d 167, 172 (D.D.C.); see also Turan Petroleum, Inc. v. Ministry of Oil & Gas of Kazakhstan, 406 F. Supp. 3d 1, 1 n.1 (2019) ("The body of the Complaint contains no allegations concerning unidentified defendants 'Does from 1 to 100;' rather, these defendants are named only in the case caption . . . Lacking any factual allegations relating to [Does from 1 to 100], [the plaintiffs'] Complaint does not m[e]et Rule 8(a)'s requirements, and therefore dismissal is appropriate as to th[ese] defendant[s]." (internal quotations and citations omitted)).

4

1459, 1460 (D.C. Cir. 1993). Judicial immunity "is an immunity from suit, not just from ultimate assessment of damages" and "is overcome only in two sets of circumstances." Mirales, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" and "[s]econd, a judge is not immune for actions, through judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11–12. Here, taking the allegations in the Complaint as true, the Court finds that neither exception applies and, therefore, all claims against Judge Reyes are dismissed as "patently frivolous." See Caldwell v. Kagan, 777 F. Supp. 2d 177, 179 (D.D.C. 2011), aff'd, 455 F. App'x. 1 (D.C. Cir. 2011) (finding claims against judges are patently frivolous because federal judges are absolutely immune from lawsuits predicated on their official acts); Fleming v. United States, 847 F. Supp. 170, 172 (D.D.C. 1994), cert. denied, 513 U.S. 1150 (1995) (deeming "meritless" an action against "judges who have done nothing more than their duty"); Pindell v. Pasichow, No. 25-cv-1591 (UNA), 2025 WL 2576311, at *2 (D.D.C. Sept. 5, 2025) (dismissing claims against judicial defendants as "patently frivolous" because the claims were predicated on their decisions rendered in cases within their jurisdiction).

**B.    The Plaintiff's Claims Against Petit, Abejide, and Beaver**

The plaintiff generally alleges that the remaining named defendants, three Department of Justice employees, conspired with Judge Reyes to deprive him of his rights. See generally Compl. Count 1, Count 5, and Count 6 allege conspiracies under subsections (2) and (3) of 42 U.S.C. §§ 1985 "Conspiracy to interfere with civil rights." "A common element of both [subsections] of § 1985 is the existence of an actual conspiracy." Burnett v. Sharma, 511 F. Supp. 2d 136, 144 (D.D.C. 2007). The elements of civil conspiracy are

> (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an

>unlawful overt act performed by one or more of the parties to the agreement; (4) which was done pursuant to and in furtherance of the common scheme.

Id. (quoting Halberstam v. Welch, 705 F.2d 472, 477 (D.C. Cir. 1983).  To support a conspiracy, a plaintiff must make more than "[c]onclusory allegations of an agreement." Id. (citing Brady v. Livingood, 360 F. Supp. 2d 94, 104 (D.D.C. 2004) and Graves v. United States, 961 F. Supp. 314, 321 (D.D.C. 1997)).  But here, conclusory allegations are all the plaintiff offers.  See Compl. at 7.  The complaint "fails to allege the existence of any events, conversations, or documents indicating that there was ever an agreement or 'meeting of the minds' between any of the defendants." McCreary v. Heath, No. CIV.A. 04-0623 PLF, 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005).  The Court cannot infer on these facts that any conspiracy existed, thus it is "patently obvious" that the plaintiff cannot prevail on the facts alleged in the complaint.  See Baker, 916 F. 2d at 725–26.  The Court will therefore sua sponte dismiss Count One, Count Five, and Count Six pursuant to Federal Rule of Civil Procedure 12(b)(6).

Count 2 alleges a deprivation of the plaintiff's rights under 42 U.S.C. § 1983.  "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988) (citations omitted); see also Hoai v. Vo, 935 F.2d 308, 312 (D.C. Cir. 1991).  The three remaining named defendants are identified as Department of Justice employees and, therefore, federal officials whose actions would have been taken under color of federal law.  See Compl. at 7.  And, § 1983 "does not apply when federal officials act under color of federal law." L. Xia v. Tillerson, 865 F. 3d 643, 658 (D.C. Cir. 2017).  Therefore, the Court will sua sponte dismiss Count Two pursuant to Federal Rule of Civil Procedure 12(b)(6).

Similarly, Count 3 alleges a violation of the Equal Protection Clause of the 14th Amendment.[4] Because the Fourteenth Amendment applies only to the states and not to the federal government, U.S. Const. amend. XIV § 1, the Court will sua sponte dismiss Count 3 pursuant to Federal Rule of Civil Procedure 12(b)(6).

Count 4, the only remaining count, alleges that the remaining named defendants deprived him of his Fifth Amendment right to both procedural and substantive due process. Compl. ¶¶ 73–83. "A procedural due process claim consists of two elements: (i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process." Reed v. Goertz, 598 U.S. 230, 236 (2023) (citing Zinermon v. Burch, 494 U.S. 113, 125 (1990); see Hurd v. District of Columbia, 147 F.4th 1036, 1043 (D.C. Cir. 2023). The plaintiff alleges only that Petit, Abejide, and Beaver "actively participated in the venue transfer maneuver," which "demonstrate[s] concerted efforts to deprive [the p]laintiff of due process." Compl. ¶¶ 76, 80. These claims consists solely of "labels and conclusions" that "will not do." See Twombly, 550 U.S. at 545. The plaintiff has not alleged "factual content that allows the court to draw [a] reasonable inference that the defendant[s] [are] liable" for any Fifth Amendment violation. See id. at 556. Rather, he has merely concluded that these defendants "actively participated in the venue transfer maneuver" without providing any indication of how they participated or, more fundamentally, of how the transfer deprived him of due process. Compl. ¶ 80.

Thus, the Court will sua sponte dismiss Count Four pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, it is hereby

---

[4] The plaintiff titled Count 3 as "Discrimination Based on Race and National Origin (Equal Protection Clause of the Fourteenth Amendment and Federal Law)," but the only reference to any other "federal law" is the count's final line stating that the "Plaintiff seeks a declaratory judgment that [the d]efendants' conduct constituted unconstitutional discrimination in violation of the Equal Protection Clause and federal anti-discrimination law." Compl. ¶ 72. Because Count 3 therefore alleges only "constitutional" discrimination and because the plaintiff has alleged "statutory" discrimination in other counts, the Court will treat Count 3 only as a claim under the Equal Protection Clause of the Fourteenth Amendment.

7

**ORDERED** that the Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that case is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that the plaintiff's Motion for Protective Order, ECF No. 3, is **DENIED** as moot. It is further

**ORDERED** that the plaintiff's Motion for Service by U.S. Marshals, ECF No. 5, is **DENIED** as moot. It is further

**ORDERED** that the case is **CLOSED**.

**SO ORDERED** this 19th day of November, 2025.

REGGIE B. WALTON<br>United States District Judge