**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

RAYON PAYNE,
     Plaintiff,

V.                                        Case No. 25-3358 (RBW)

ANA C. REYES, et al.,
     Defendants.

_____/

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DISMISSING
COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiff Rayon Payne respectfully moves for

reconsideration of the Court's November 19, 2025 Order dismissing the Complaint. The

dismissal is irreconcilable with the Court's own findings, the controlling statute, and binding

Supreme Court precedent. Reconsideration is warranted to correct a clear legal error and prevent

manifest injustice.

### I. THE COURT ACCEPTED THE TRANSFER—AND THAT TRIGGERS § 1447(b)

On page 5 of the dismissal order, this Court expressly stated: "Here, taking the allegations in the

Complaint as true, the Court finds that neither exception [to judicial immunity] applies and,

therefore, all claims against Judge Reyes are dismissed as 'patently frivolous.'"

The Court therefore accepts: (1) The case was filed under 8 U.S.C. § 1447(b); (2) The

Department of Justice (DOJ) requested a transfer to the Middle District of Florida; and (3) Judge

Reyes granted that transfer. Each of these facts is central to the Plaintiff's claim—and each is

now judicially acknowledged by the Court.

1

## II. THE TRANSFER VIOLATES THE STATUTE—JURISDICTION WAS ABSENT

Section 1447(b) of Title 8 provides that: "If there is a failure to make a determination [on a naturalization application], the applicant may apply to the United States district court for the district in which the applicant resides, which shall have jurisdiction over the matter."— 8 U.S.C. § 1447(b). This statute vests exclusive jurisdiction in the district where the case is filed. There is no statutory authority for the judge to transfer the case. Every federal circuit to consider this has recognized § 1447(b) as jurisdictionally fixed upon filing. See, e.g., Zayed v. United States, 368 F.3d 902 (6th Cir. 2004) ("The district court gains exclusive jurisdiction once a § 1447(b) petition is filed."), the United States Court of Appeals for the Fourth Circuit held that a federal court is vested with exclusive jurisdiction when a naturalization applicant timely files a petition in federal court pursuant to 8 U.S.c. § 1447(b) (2000), Etape v. Chertoff, 497 F.3d 379 (4th Cir. 2007). Etape, 497 F.3d at 382 (citing United States v. Hovsepian, 359 F.3d 1144, 1159 (9th Cir. 2004) (en banc)).

Congress also recognized the district courts' long-standing power over naturalization applications. Therefore, the district courts retained their power to review applications under the Act. Courts have reasoned that the Legislature intended to ensure that district courts have the final say regarding naturalization applicants.

Thus, when Judge Reyes transferred the case—after it was properly filed in D.D.C.—she acted in the complete absence of jurisdiction, and by accepting the allegation in the complaint as true this court agree.

### III. UNDER MIRELES, IMMUNITY DOES NOT APPLY

The Supreme Court in Mireles v. Waco, 502 U.S. 9 (1991), clearly held: "A judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." — Mireles, 502 U.S. at 12. This is the very standard quoted by this Court—yet not applied.

By accepting that the transfer occurred and that it involved a § 1447(b) petition, the Court necessarily accepted that Judge Reyes acted outside of jurisdiction. Under *Mireles,* judicial immunity cannot apply in such circumstances. To quote the D.C. Circuit: "A judge is not protected by immunity when she acts 'in the clear absence of all jurisdiction.'" — Sindram v. Suda, 986 F.2d 1459 (D.C. Cir. 1993).

### IV. THE COURT'S "FRIVOLOUS" LABEL IS LEGALLY UNSUSTAINABLE

The Court dismissed the case as "patently frivolous" after accepting the facts as true. A legal claim grounded in: (1) A jurisdictionally exclusive statute, (2) A factual transfer acknowledged by the Court, And (3) a Supreme Court case on judicial immunity,…cannot be labeled frivolous without contradicting the rule of law. The Court never explained why the legal theory was frivolous, doing so is to ignore § 1447(b)'s plain language entirely. Such a ruling lacks foundation and fairness. See: Neitzke v. Williams, 490 U.S. 319, 328 (1989) ("A complaint is frivolous where it lacks an arguable basis either in law or in fact."). Here, Plaintiff's Complaint has both.

### V. THE MEETING OF THE MINDS IS CLEAR FROM THE RECORD

The Complaint alleges—and the Court accepts—that: (1) DOJ requested an act without jurisdiction (transfer), and (2) Judge Reyes granted it.

This constitutes concerted action—government lawyers and a federal judge coordinating around a statutorily prohibited act. That is precisely the kind of governmental collusion § 1985(3) was designed to address. See: Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (recognizing § 1985(3) conspiracies require "some racial, or perhaps otherwise class-based, invidiously discriminatory animus"). The allegations fall well within the legal bounds for pleading such a claim.

### VI. THE "WITHOUT PREJUDICE" DISMISSAL IS A TACTICAL DEFEAT, NOT A REMEDY

Dismissing without prejudice while affirming the factual record is an implicit suggestion that Plaintiff refile a "better" version. But that undermines the point: (1) The Complaint is clear, (2) The law is clear, and (3) The Court has accepted the facts. There is no ambiguity to fix. Plaintiff will not dilute, revise, or repackage claims that are legally sound. The Complaint is not the problem. The Court's application of law is.

### CONCLUSION

The Court's own findings compel a legal contradiction. By accepting the factual allegations in the Complaint as true—including that the DOJ requested a transfer and Judge Reyes granted it in a case filed under 8 U.S.C. § 1447(b)—the Court necessarily acknowledges that a jurisdictionally barred transfer occurred. Section 1447(b) vests exclusive jurisdiction in the district where the petition is filed and does not permit transfer. Therefore, under the Supreme Court's precedent in Mireles v. Waco, judicial immunity does not apply when a judge acts in the complete absence of jurisdiction. The Court cannot accept the facts of the Complaint while disregarding the legal consequences those facts impose. To sustain the dismissal, the Court must either interpret § 1447(b) to allow transfers that it plainly forbids or disregard binding authority on judicial

4

immunity. Either outcome creates a legal conflict and elevates procedure over statutory rights.

Plaintiff respectfully moves this Court to correct its legal error and address the Complaint on the

merits.

WHEREFORE, Plaintiff respectfully requests that the Court:

1.  Vacate the November 19, 2025 dismissal order;

2.  Reinstate the Complaint for adjudication on the merits; or

3.  Issue an express legal finding on whether § 1447(b) permits judicial transfer, for

    appellate review.

Date: 11/19/2025                                    Respectfully submitted,

                                                   _____
                                                   RAYON PAYNE, PRO SE
                                                   8815 Conroy Windermere Rd
                                                   Ste. #208
                                                   Orlando Florida 32835
                                                   Tel: 863-485-0550
                                                   Email: kekomardi@gmail.com

5