UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYON PAYNE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Civil Action No. 25-3358 (RBW) |
| ANA C. REYES, et al. | ) |
| | ) |
| Defendants. | ) |

### ORDER

On September 22, 2025, Rayon Payne, the pro se plaintiff in this civil lawsuit, filed his Complaint against United States District Court Judge Ana C. Reyes, Department of Justice employees Derrick A. Petit, Oluwatoyin Abejide, and Shadae Beaver, and ten unidentified John Doe defendants—collectively "the defendants"—alleging that he had been the victim of a "persistent and escalating violation of [his] constitutional rights by individuals acting under color of federal authority." See generally Complaint for Declaratory Judgment Pursuant to 42 U.S.C. § 1985(2) and 1985(3) (Conspiracy to Interfere with Civil Rights Under Color of Law) ("Compl."), ECF No. 1.

On November 19, 2025, the Court sua sponte dismissed the plaintiff's claims after concluding that the plaintiff's claims were "patently frivolous" and failed to state claims under Federal Rule of Civil Procedure 12(b)(6). Order at 5–7 (November 19, 2025), ECF No. 9. That same day, the plaintiff filed a motion for reconsideration. See Plaintiff's Motion for Reconsideration of Order Dismissing Complaint and Incorporated Memorandum of Law ("Pl.'s Mot.") at 1, ECF No. 10.

"The D.C. Circuit has stated that motions to reconsider are routinely construed as motions to clarify or alter or amend judgment under Rule 59(e)." Emory v. Sec'y of the Navy, 819 F.2d 291, 293 (D.C. Cir.1987). The Court has "considerable discretion in ruling on a Rule 59(e) motion[,]" Piper v. U.S. Dep't of Just., 312 F. Supp. 2d 17, 20–21 (D.D.C. 2004), as amended (May 13, 2004) (citing Rann v. Chao, 209 F. Supp. 2d 75, 78 (D.D.C. 2002), and "properly invokes [that] discretion . . . if it finds there is (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice," id. (citing Anyanwutaku v. Moore, 151 F.3d 1053, 1057–58 (D.C. Cir.1998)); see Firestone v. Firestone, 76 F. 3d 1205, 1208 (D.C. Cir. 1996).

Here, the plaintiff does not argue that there has been an intervening change in controlling law or that new evidence became available. See Pl.'s Mot. at 1. Rather, he claims that "reconsideration is warranted to correct a clear legal error and prevent manifest injustice" because the Court's Order dismissing his claims "is irreconcilable with the Court's own findings, the controlling statute, and binding Supreme Court precedent." Id. In his motion, the plaintiff repeats the same allegations he made in his Complaint that Judge Reyes acted inappropriately and claims that she is not entitled to judicial immunity because she "acted outside of [her] jurisdiction." Id. at 2–3. The Court stands by its original analysis that "because the complaint is predicated on her decisions rendered in a case within her jurisdiction, Judge Reyes has judicial immunity," Order (November 19, 2025) at 4, and rejects the plaintiff's argument that its faithful application of controlling case law created a manifest injustice. Thus, the Court must deny the plaintiff's motion for reconsideration.

Accordingly, it is hereby

**ORDERED** that the Plaintiff's Motion for Reconsideration of Order Dismissing Complaint and Incorporated Memorandum of Law, ECF No. 10, is **DENIED**.

**SO ORDERED** this 5th day of December, 2025.

                                                REGGIE B. WALTON
                                                United States District Judge